UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,　　　　　　　　　　Case No. 16-cr-32-pp

　　　　　Plaintiff,

v.

PAULA FORBES,

　　　　　Defendant.

---

**ORDER DENYING DEFENDANT'S LETTER MOTION FOR AN EXTENSION OF SURRENDER DATE AND CHANGE OF DESIGNATION (DKT. NO. 56)**

---

　　　　On February 3, 2017, a jury returned guilty verdicts against the defendant on fourteen counts of submitting fraudulent claims against a government agency. Dkt. No. 37. On June 9, 2017, the court sentenced the defendant to a term of twenty-four months in custody, followed by three years of supervised release. Dkt. Nos. 55, 53. The court did not remand the defendant into custody on the date of sentencing. Instead, it allowed her to surrender as directed by her probation officer. Dkt. No. 55.

　　　　On July 10, 2017, the court received a letter from the defendant. Dkt. No. 56. The letter notified the court that the Bureau of Prisons had directed the defendant to surrender to Federal Medical Facility Carswell in Fort Worth, Texas on July 27, 2017. The defendant notes that this facility is a long way from Milwaukee (despite the fact that the court recommended placement as close to the Eastern District as possible). She indicated that she is still working on getting her affairs in order—her home, finances and power of attorney—and

1

that this process is taking her longer than expected. She says that she has been at a new job for thirty days, and needs an additional sixty days to collect funds to pay her mortgage and other financial obligations. She also indicates that, as of the date of the letter, she had a medical appointment scheduled for September 5, 2017, but hoped to have it moved up. For these reasons, the defendant asked the court to help her to extend her surrender date and her location. Id.

The court construes the defendant's letter as a motion to extend her surrender date, and to have her placed at a different BOP facility closer to Milwaukee. The court must deny this motion.

The defendant likely is aware that the court could have ordered her remanded into custody on the date of sentencing. It did not do so—it gave her the opportunity to have some time to get her affairs settled. As of the date of this order, it has been thirty-eight days since the sentencing hearing. By July 27, 2017, forty-eight days—six weeks—will have passed. The court understands that making the type of arrangements the defendant is trying to make is difficult, but six weeks is more time than many defendants get to arrange their affairs before going into custody.

The Bureau of Prisons selected the July 27, 2017 surrender date. (The defendant attached to her letter motion a copy of the designation letter she received from her probation officer, indicating as much. Dkt. No. 56-1.) The BOP selects these dates based on the availability of bed space, the availability

of case managers, and other factors. Unless it is an unusual, emergency situation, the court does not interfere with BOP scheduling or programming.

The defendant points out that, while the court asked the BOP to designate the defendant to a facility as close to the Eastern District of Wisconsin as possible, it instead designated her to a facility in Fort Worth, Texas. The court explained to the defendant at sentencing that, while the court can make recommendations to the BOP as to placement, the BOP does not have to follow those recommendations. It is within the sole discretion of the BOP as to where to designate a defendant. This court does not have the ability, or the authority, to change that designation.

As to why the BOP may have placed the defendant at Carswell, however, the court notes a few things. First, the defendant is a woman. When considering placement for the defendant, the BOP was limited to facilities that house women. Second, the defendant has a medical condition, as she mentioned in her letter motion. Because of this fact, the BOP has designated her to a federal *medical center,* rather than to a federal correctional institution (FCI) or other type of traditional federal prison. There are only six federal medical centers—Butner, North Carolina (men only); Devens, Massachusetts (men only); Fort Worth, Texas (men only); Lexington, Kentucky (men and women); Rochester, Minnesota (men only); and Carswell (women only). The BOP had only two choices of placement for a woman with a medical condition— Lexington, Kentucky or Carswell.

3

The court **DENIES** the defendant's letter motion for an extension of her surrender date and a change of her designation. Dkt. No. 56.

Dated in Milwaukee, Wisconsin this 17th day of July, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

4

Case 2:16-cr-00032-PP   Filed 07/17/17   Page 4 of 4   Document 57