UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

PAULA FORBES,

        Defendant.

Case No. 16-cr-32-pp

---

**ORDER GRANTING LETTER MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 66)**

---

On February 3, 2017, a jury convicted the defendant on one count of conspiracy to defraud the government and thirteen counts of making false, fictitious or fraudulent claims with respect to tax returns. Dkt. No. 37. The court sentenced the defendant to serve twenty-four months in custody, followed by three years of supervised release. Dkt. Nos. 55, 53.

On June 5, 2021, the defendant filed a letter motion asking the court to terminate her supervised release early. Dkt. No. 66. She explained that she had learned since her conviction that her behavior was self-destructive and that it jeopardized her and separated her from friends and family. Id. at 1. She described the career advances she has made since her release (being promoted from being a server to a human resources manager), advised the court that she has been making her restitution payments (and that she would continue to do so even if the court terminated her supervision early) and assured the court

1

that she has been giving back to the community and separating herself from negative influences. Id.

The probation office reports that the defendant started her supervised release term on April 22, 2019. Dkt. No. 68 at 1. As of the date of this writing, the defendant has approximately ten months left on her three-year supervised release term. Probation reports that not only has the defendant been paying her restitution, but that she has been paying more than the monthly amount the court had ordered. Id. at 1-2. Probation confirms that the defendant has reached an agreement with the financial litigation unit to continue paying the restitution after her discharge from supervised release. Id. at 2. Probation emphasizes, more than once, that the defendant has gone from blaming others for her conviction to accepting responsibility for her role and expressing remorse. Id. She has complied with all the terms of her supervision. Id. at 1.

Based on this positive report, the government has notified the court that it does not object to early termination of supervision. Dkt. No. 71.

The court will grant the defendant's request. She has served over two-thirds of her supervised release term without incident. She has not only obtained employment, but excelled and progressed in her job. She has tried to repay her restitution obligation more quickly than the terms of her supervision required. She has complied with the conditions of her supervision. The defendant also has provided financial help to her family when the COVID-19 pandemic impacted their ability to bring in income, and she did this while still paying her restitution more quickly than the court's order required.

The court congratulates the defendant on the work she has done to rejoin society and to go above and beyond the requirements of her supervised release conditions. The defendant deserves to be proud of all that she has accomplished. The court wishes her the very best of luck in the future.

The court **ORDERS** that the defendant's letter motion for early termination of supervised release is **GRANTED**. Dkt. No. 66. The court **ORDERS** that the defendant's supervised release is **TERMINATED** effective as of the date of this order.

Dated in Milwaukee, Wisconsin this 28th day of June, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**